IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stephney, Jr., #141962, ) | C/A No. 1:09-2898-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| John Ozmint, SCDC Dir; M. Beinor, ) | |
| SCDC Physician, KCI R&E; S. Blake, ) | |
| SCDC Physician, KCI R&E; J. McKay, ) | |
| SCDC RPN HCA, KCI R&E; M. Hughs, ) | |
| SCDC RPN HCA, WRCI; C. Smith, ) | |
| SCDC RPN HCA, ECI; S. Daley, SCDC ) | |
| LPN, KCI R&E; Lewis, SCDC LPN, ) | |
| WRCI; Dr. R. Bearden, SCDC ) | |
| Physician; Dr. R. Steen, SCDC ) | |
| Physician, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Wade Stephney, Jr. ("Plaintiff") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated with the South Carolina Department of Corrections ("SCDC") and has been since October 15, 2008. Before the court are the following motions: (1) Plaintiff's Motion to Appoint Counsel [Entry #32]; (2) Plaintiff's Motion to Compel Discovery [Entry #34]; (3) Plaintiff's Motion to Dismiss [Entry #45]; (4) Plaintiff's Motion to Amend the Complaint [Entry #46]; (5) Plaintiff's Motion for an Evidentiary Hearing and to Compel [Entry #47]; and (6) Defendants' Motion for Summary Judgment [Entry #54].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions to

dismiss and for summary judgment are dispositive, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

In his complaint filed on November 13, 2009, Plaintiff alleges Defendants have violated his Eighth Amendment Rights "due to below substantial compliance, inadequate, and improper health care services" from October 15, 2008 through September 15, 2009. Plaintiff contends the doctor defendants:

> (1) failed to make or keep medical appointments; (2) failed to adequately and properly diagnose: scan or x-ray; lab testing or results; treating urinary tracts; lymphatics; respiratory infections and neck and back lumbar paralysis . . .; (3) failing to inquire about Plaintiff's allegations, inform, or have the Plaintiff informed, concerning prescribed medications' harmful side-effects . . . .

[Entry #1 at 3-4.] He also claims nurses conspired to have his prescriptions "exposed with contaminated asymptoms infestious bio-hazard bacteria." *Id.* at 4. He claims "serious bodily harm and life threatening diseases." *Id.* Defendants filed a motion for summary judgment, claiming, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies.

Defendants filed a motion for summary judgment on August 14, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion [Entry #55]. Plaintiff filed responses in opposition to Defendants' motion [Entry #62, #64]. Having carefully considered the

parties' submissions and the record in this case, the court recommends Defendants' motion for summary judgment be granted.

II.     Discussion

   A.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." *Id*. The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence

of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."

    B.    Exhaustion of Administrative Remedies

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotation omitted) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison

Litigation Reform Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. 81, 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

Here, Plaintiff's inmate record reveals he has not exhausted his administrative remedies. *See* Coleman Aff., ¶ 3 [Entry #54-2]. Specifically, SCDC Branch Chief of Inmate Grievances Mary Coleman attests to the following:

> I have reviewed Plaintiff's grievance records and Plaintiff has not filed a grievance regarding the allegations in his Complaint. Specifically, the Plaintiff has not filed a grievance concerning the denial of adequate and proper medical healthcare services, conspiracy and retaliation with regard to treatment, diagnoses, medication and other medical services between October 15, 2008 and September 15, 2009.

*Id.* Coleman further attests that Plaintiff has an opportunity to file a grievance and appeal any decision pursuant to SCDC policy. *Id.* at ¶ 4.

Plaintiff does not dispute his failure to exhaust his administrative remedies. Although Plaintiff's complaint suggests he filed a grievance in a prior case, he indicates he has not filed a grievance concerning the claims raised in this matter. In Plaintiff's initial opposition to summary judgment [Entry #62], he appears to argue that exhaustion is not required for claims regarding a prisoner's medical condition. The undersigned disagrees. Based on the undisputed evidence that Plaintiff has failed to exhaust his administrative remedies on all of his claims, this court lacks jurisdiction over Plaintiff's claims and Defendants are entitled to summary judgment on all claims.

III. Conclusion

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment [Entry #54] be granted. If the district judge accepts this recommendation, all other motions will be rendered moot.

IT IS SO RECOMMENDED.

*[signature]*

December 8, 2010 Shiva V. Hodges
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**