IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stephney, Jr., #141962, ) | |
| ) | C/A No. 1:09-2898-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| John Ozmint, SCDC Dir; M. Beinor, ) | |
| SCDC Physician, KCI R&E; S. Blake, ) | |
| SCDC physician, KCI R&E; J. McKay, ) | |
| SCDC RPN HCA, KCI R&E; M. Hughs, ) | |
| SCDC RPN HCA, WRCI; C. Smith, ) | |
| SCDC RPN HCA, ECI; S. Daley, SCDC ) | |
| LPN, KCI & R&E; Lewis, SCDC LPN, ) | |
| WRCI; Dr. R. Bearden, SCDC Physician; ) | |
| Dr. R. Steen, SCDC Physician, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Wade Stephney, Jr. is an inmate in custody of the South Carolina Department of Corrections. On November 13, 2009, Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants denied him adequate medical care while he was incarcerated at Kirkland Reception and Evaluation Center (KCI R&E), Wateree River Correction Institution (WRCI), and Evans Correctional Institution (ECI).

This matter is before the court on motion for summary judgment filed by Defendants on August 16, 2010. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on September 22, 2010. Plaintiff filed additional attachments to his response on October 22, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On December 8, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion for summary judgment be granted on the grounds that Plaintiff has failed to exhaust his state administrative remedies as mandated by 42 U.S.C. § 1997e(a). Plaintiff filed objections to the Report and Recommendation on January 3, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In his objections, Plaintiff contends that he should not be required to exhaust his state administrative remedies because Defendants would continue to delay him adequate medical care and proper treatment. However, under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement "serves an important function by preserving for state correctional systems the initial opportunity to redress problems within their own institutions. [Further, the requirement] 'promote[s] administrative redress, filter[s] out groundless claims, and foster[s] better prepared litigation of claims aired in court.'" Chase v. Peay, 286 F. Supp. 2d 523, 530

(D. Md. 2003) (quoting Porter v. Nussle, 534 U.S. 516, 528 (2002)).  Plaintiff's objection is without merit.

## CONCLUSION

The court has carefully reviewed the record.  The court adopts the Report and Recommendation and incorporates it herein by reference.  Defendants' motion for summary judgment (ECF No.54) is **granted**.  Plaintiff's motions to appoint counsel (ECF No. 32), compel (ECF No. 34), dismiss (ECF No. 45), amend (ECF No. 46), and for hearing and to compel (ECF No. 47), are **denied as moot**.  Plaintiff's motion for reconsideration as to the Magistrate Judge's order on motion for recusal (ECF No. 69) and to transfer case (ECF No. 71) are **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 3, 2011

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**